IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE MIZE, | No. CIV S-11-1114-JAM-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M. CATE, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's request for the appointment of counsel and to conduct discovery (Doc. 6).

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Petitioner's request will therefore be denied.

/ / /

1

1    Rule 6 of the Rules Governing § 2254 provides that the court may, for good cause,
2 allow discovery and may limit the extent of discovery allowed. See Rule 6(a). A party
3 requesting discovery is required to provide reasons for the request, as well as to include with the
4 request any proposed interrogatories, requests for admission, and specification of any requested
5 documents. See Rule 6(b). Unlike civil litigants, a habeas petitioner is not presumptively
6 entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Habeas is an
7 important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a
8 fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at
9 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A
10 habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil
11 litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability
12 of any discovery during a habeas proceeding is committed to the sound discretion of the district
13 court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown
14 "'where specific allegations before the court show reason to believe that the petitioner may, if the
15 facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520
16 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

17    While petitioner provides reasons for his request, he fails to provide the proposed
18 discovery he intends to propound. In addition, his request is premature. Respondent has yet to
19 respond to the petition, and the court is hesitant to address a request for discovery until after an
20 answer is on file. His request will therefore be denied at this time, but without prejudice to
21 renewing his request, if appropriate, after an answer to his petition is filed.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel is denied; and
2. Petitioner's motion to conduct discovery is denied without prejudice.

DATED: October 17, 2011

　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE